**136**                    EARLE v. BEMAN.

visions of the Code are general; no exception is made as to insurance companies. The provision of the act of 1884 appears in substance in section 30 of the Insurance Law (Chap. 690 of the Laws of 1892), which is the present law on the subject. It provides a method in which such corporations "may be served," but does not exclude any other legal method of service.

The appellant claims that the case of *Lafflin* v. *Travelers' Insurance Company* (121 N. Y. 713) is in point in favor of its contention. We think not. The question there was whether an appointment which the defendant had filed under the act of 1884 was sufficiently certified so as to take the place of an appointment previously filed under section 23 of chapter 466 of the Laws of 1853, as amended by chapter 555 of the Laws of 1875. No question as to the effect of the provision of the Code was considered. (See, also, *Ives* v. *Metropolitan Life Ins. Co.*, 78 Hun, 32; *Mullins* v. *Metropolitan Life Ins. Co.*, Id. 297.)

We are of the opinion that the plaintiff was entitled to the benefit of the provisions of the Code, and that the order should be affirmed.

Present — PARKER, P. J., LANDON, MERWIN and PUTNAM, JJ.; HERRICK, J., not sitting.

Order affirmed, with ten dollars costs and disbursements.

---

ARTEMUS H. EARLE, Appellant, *v.* HELEN L. BEMAN and NATHAN BEMAN, Respondents.

*Inspection of notes, before answer — when refused.*

Where an action is brought against a married woman to recover upon certain promissory notes alleged to have been made by her husband by her direction, and she states, in her petition for an order requiring the plaintiff to exhibit the notes to her, that she did not make the notes, nor authorize them; that she never received their proceeds, and that the plaintiff had been paid in part in real estate and in part in money, no case is made which justifies the court in requiring the plaintiff to exhibit the notes upon the ground that it is necessary in order to enable the defendant to frame his answer.

APPEAL by the plaintiff, Artemus H. Earle, from an order of the Supreme Court, made at the St. Lawrence Special Term and entered

in the office of the clerk of the county of Franklin on the 4th day of September, 1895, requiring the plaintiff to exhibit to the defendant Helen L. Beman and her counsel certain promissory notes, which the complaint alleges were made by Nathan Beman, the husband of the defendant, pursuant to the defendant's direction, and indorsed by the plaintiff as an accommodation indorser, and which the defendant, and her husband as her agent, negotiated for her benefit, and of which she had and used the proceeds, or her husband used them for her benefit, which notes the plaintiff subsequently had to pay.

The plaintiff, pursuant to the defendant's demand, served a bill of particulars upon the defendant, giving the date and principal of each note, and the respective sums which the plaintiff claims to have paid upon each one of them. The defendant Helen E. Beman then moved that she be allowed to inspect the notes to enable her to frame her answer, and the motion was granted.

*John P. Kellas*, for the appellant.

*Gordon H. Main* and *William P. Cantwell*, for the respondents.

PER CURIAM :

We do not think the defendant's petition shows that she cannot properly frame her answer unless she is allowed to inspect the notes mentioned in the plaintiff's bill of particulars. She states in the petition in substance that her defense is that she neither made nor authorized the making of the notes sued upon ; that she never had their proceeds or any benefit from them, as charged in the complaint, and that the plaintiff has been paid in real estate and money a large sum upon them. She thus has a clear idea of what her answer ought to contain.

We need not consider whether she will, after answer, need an inspection in order to prepare for trial, since her motion is not based upon that ground.

The order is reversed, with ten dollars costs and disbursements, and the motion below is denied, with ten dollars costs.

Present — PARKER, P. J., LANDON, MERWIN, PUTNAM and HERRICK, JJ.

Order reversed, with ten dollars costs and disbursements, and motion below denied, with ten dollars costs.