In the Matter of the Application of The City of New York, Appellant, for a Writ of Certiorari to Richard Mitchell and Others, as Assessors of the Town of Southeast, County of Putnam and State of New York, Respondents (Assessment for 1905).— Judgment affirmed, with costs. No opinion. Jenks, P. J., Burr, Thomas, Carr and Woodward, JJ., concurred.

In the Matter of the Application of David Lee Summerville, Sr., as Administrator, etc., of George A. Summerville, Deceased, Respondent, for an Order Directing Charles Vander Roest, an Attorney, Appellant, to Pay over Certain Moneys.— Order reversed, without costs, and motion denied, without costs, on the authority of *Murray* v. *Waring Hat Manufacturing Co.* (142 App. Div. 514). Jenks, P. J., Hirschberg, Burr, Thomas and Carr, JJ., concurred.

Benjamin F. Jackson, Respondent, v. Dartmouth Realty Company and Others, Defendants, Impleaded with William Schwenn, Appellant.— Judgment affirmed, with costs. No opinion. Jenks, P. J., Thomas, Carr, Woodward and Rich, JJ., concurred.

Thomas Larke, an Infant, by Seneca Larke, Jr., His Guardian ad Litem, Respondent, v. John Johnston, Appellant.— Judgment of the Municipal Court affirmed, with costs. No opinion. Jenks, P. J., Thomas and Carr, JJ., concurred; Woodward and Rich, JJ., dissented.

Herbert C Mason, Respondent, v. Andrew F. Jayne and Mary F. Brown, Appellants.— Interlocutory judgment affirmed, with costs. No opinion. Jenks, P. J., Carr, Woodward and Rich, JJ., concurred; Thomas, J., dissented.

Anna L. Galer, Respondent, v. James Galer, Appellant.— Order in so far as appealed from reversed, without costs, and motion for a bill of particulars granted to this extent: 1. The plaintiff shall specify when the defendant had an attack of delirium tremens. 2. When and at what time of the year plaintiff was obliged to leave the house for safety and to get rest and medical treatment. 3. When the defendant neglected to provide and pay for medical treatment for plaintiff, and when plaintiff had to borrow money to pay for doctor's bills, and the amount thus obtained. 4. The improper acts constituting the course of defendant toward plaintiff, which has been such continuously for many years as to greatly injure and impair her health. 5. What the conditions are that cause plaintiff to fear that her husband will take her life if she continues to live with him. No opinion. Jenks, P. J., Hirschberg, Burr, Thomas and Carr, JJ., concurred.

Samuel Goldberg, Appellant, v. Pincus Malzman and Fanny Malzman, Respondents, Impleaded with Lizzie Pouker and Others, as Executors and Trustees under the Last Will and Testament of Isaac Pouker, Deceased. — Order affirmed, with ten dollars costs and disbursements. No opinion. Burr, Thomas and Carr, JJ., concurred; Jenks, P. J., and Woodward, J., dissented on the authority of *Earle* v. *Beman* (1 App. Div. 136).